ALBERT NEWCOMBE, Plaintiff, v. GEORGE N. OSTRANDER and GEORGE F. UNDERWOOD, as Executors, and HELEN E. FOULDS, as Executrix of and Trustees Under the Last Will and Testament of GEORGE R. FINCH, Deceased, Defendants.

(Supreme Court, Warren Special Term, January, 1910.)

Estoppel — Equitable estoppel and estoppel in pais — Facts creating estoppels — Participation in judicial proceedings.

Wills — Interpretation and construction — Designations and descriptions of property, funds, etc.— Particular terms of doubtful meaning — Descriptions of land — Wild and forest lands.

At the time of his death a testator was the owner of an undivided one-half interest in certain lands known as the Moose Pond property, located in the county of Essex in the midst of the Adirondack forests and consisting of about 854 acres, all of which were entirely covered with forests, except about one and one-half acres on the shore of a pond where had been constructed several buildings, still on the premises, for the use of a club, a former owner, which had used the whole property as a fish and game preserve, about one-half of the acre and a half being used for garden purposes; and the testator also owned other lands which were concededly wild and forest lands. By testator's will his executors and trustees were directed to convey to plaintiff and two other persons all of testator's "wild and forest lands." In an action to compel a conveyance to plaintiff, held that, at the time of testator's death, said lands were "wild and forest lands" within the meaning of the language of the devise and that plaintiff was entitled to judgment.

Where, prior to the commencement of the action, the executor and executrix, both of whom were residuary legatees, refusing to

convey because they would not assume the responsibility of determining the character of the land, wrote a letter to plaintiff's attorney stating that they were willing to join in any proceeding to determine the question, a motion by the executrix to dismiss the complaint upon the ground that it failed to state a cause of action will be denied, she being estopped by the inducement she offered plaintiff to bring the action.

ACTION to compel executors and trustees to convey a one-sixth interest in certain real property in accordance with the terms of the will.

Jenkins, Kellogg & Barker, for plaintiffs.

George N. Ostrander, for defendants Ostrander and Underwood.

Herrick, Farren & Pennie, for defendant Foulds, as executrix.

VAN KIRK, J. George R. Finch, late of Glens Falls, Warren county, died, owning an undivided one-half interest in certain lands known as the Moose Pond property, consisting of about 854 acres, being the whole of lots Nos. 44, 45, 46 and 51, and about 33 acres of lot No. 52 and about 21 acres of lot No. 53, in township 26 of Totten & Crossfield's Purchase, in the county of Essex, State of New York, and in the midst of the Adirondack forests. Said Finch left a last will and testament which has been duly admitted to probate as a will of real estate and interests therein, which contained the following:

" *First.* After all my lawful debts are paid and discharged, I give, devise and bequeath unto my trustees hereinafter named all of my estate, real and personal, of whatsoever name and nature and wherever situated, for the purposes of carrying out the provisions of this my last will and testament. * * *

" *Third.* I direct my executors hereinafter named and it is my will that my said wife Harriet E., before the payment of any sum herein directed to be paid, receive from my estate

the sum of twenty-five thousand dollars annually in such installments and at such times as to my said executors shall seem wise and proper, so long as she remains my widow. * * *

"*Fifth.* I give, devise and bequeath and direct my executors and trustees herein named to convey to John Anderson Jr., Albert Newcombe and George N. Ostrander, all my wild and forest lands, excepting such as are located in Benson township, Hamilton county, and Chase's Patent and Glen, Bleecker and Lansing's Patent, Fulton county. The wild and forest lands in said Benson Township and in Chase's and Glen, Bleecker & Lansing's Patent I direct shall be conveyed to Finch, Pruyn & Co., Inc., upon payment of taxes and notes due from said Finch, Pruyn & Co., for the same. * * *

"*Seventh.* Upon the death or re-marriage of my said wife, I give, devise and bequeath all my estate, real and personal, not otherwise disposed of herein, to my said sister Mrs. Thomas H. Foulds, and to my friend George N. Ostrander, in fee absolute."

It is conceded that all of the debts of the deceased have been paid, or that there is sufficient personal property to discharge the same. Mrs. Harriet E. Finch survived her husband and was married to George N. Ostrander in June, 1907. The lands mentioned in the exception in paragraph fifth of the will above quoted do not include the lands in question in this action. Mrs. Helen E. Foulds and George N. Ostrander, as individuals, have been brought in as defendants in this action. There were lands, other than those in controversy in this action, belonging to the deceased at the time of his death, which were concededly wild and forest lands.

Before the beginning of this action the plaintiff, Albert Newcombe, made a demand upon the executors and trustees of the will of the deceased for a conveyance to him of an undivided one-sixth interest in the said Moose Pond property, under the provision in paragraph fifth of the will of deceased, directing the executors and trustees, " to convey to John Anderson Jr., Albert Newcombe and George N. Ostrander, all my wild and forest lands, excepting," etc. Under date of August 4, 1909, George N. Ostrander, as

executor, and Helen E. Foulds, as executrix, sent a letter, addressed to the plaintiff's attorneys, which contained the following: " The fifth paragraph of the said will disposes of the wild and forest lands of the testator. The so-called Moose Pond property has been set apart as a private preserve for the propagation of fish, game and birds and dedicated to that purpose, for which improvements extensive in character have been made thereon. There is a serious doubt as to whether the property dedicated and improved is wild and forest lands, and the executors decline to assume the responsibility of so deciding and are willing to join in any proceeding to determine the question. For these reasons the demands made in your favors of July 13th and August 2nd, 1909, in behalf of Mr. Newcombe, are denied."

Thereupon this action in equity was begun and the evidence discloses, in addition to the facts above recited, the following conditions: The tract of land consists of one parcel, which formerly belonged to the Moose Pond club, and was used by this club as a fish and game preserve. The lands are entirely covered with forests, except a piece of about one acre and a half on the shore of Moose Pond, where have been constructed several buildings for the use of the club and which still are upon the premises for the use of the owner; also, about one-half acre of the acre and a half is used for garden purposes. The soft timber of larger growth was cut between 1860 and 1870; the pulp wood was largely cut off in or about the year 1890. There were a number of trails through the forest upon this tract; these trails were cut out and to an extent improved for foot travel. A road was constructed from the highway four or five miles distant, which road is now a public highway to the bounds of the Moose Pond property. Moose Pond itself has been to a considerable extent cleared of fallen trees, branches, stumps, etc. Boats have been placed on the several ponds. These things were done by the club.

This action is brought to compel the executors and trustees of George R. Finch, who have duly qualified and are now acting as such trustees, to convey, under the direction contained in paragraph fifth of the will, a one-sixth interest in this property. The defendant Foulds, as executrix, moves to dismiss

the complaint because " it fails to state a cause of action."
The defendants Ostrander and Underwood, as executors, do
not join in this motion, but defend upon the ground that the
lands contained in this tract are not wild and forest lands
within the meaning of the language of the deceased contained
in the fifth paragraph of the will, and defendant Foulds joins
in this defense.

The question presented by all of the defendants is, whether
or not the lands in question here are " wild and forest lands."
The executors refused to convey, on demand of the plaintiff,
on the ground that they did not wish to take the responsibility
of determining whether or not they were wild and forest lands.
There is no question but that they are forest lands; the fact
that, of one and one-half acres, a part is partially cleared and
the remainder is entirely cleared does not deprive the entire
854 acres of its general character as forest lands. The ques-
tion is, Is it wild? Wild land is generally distinguished
from cultivated land. There is wild land which is not forest
land. The common understanding of the word " wild," as
applied to land, we think defines such land as is uncultivated
and unimproved, that is, land on which the natural, unculti-
vated products of the soil are allowed to grow, unhusbanded
and unimproved. The fact that some of the timber has been
cut from a forest, and then the cutting has been abandoned
and the forest again allowed to produce its natural growths,
does not deprive that forest of its character of being wild.
Those things which the evidence shows have been done in con-
nection with this 854 acres in question do not establish the
fact that it is a cultivated forest, or an improved forest, or a
forest in which the tree growths, large or small, are being pro-
duced under care, pruning, thinning or cultivation by the
hand of man. We think the land comes within the definition
of " wild and forest land."

The defendants urge strongly the interpretation of the con-
stitutional provision that the State lands shall be forever pre-
served as wild and forest land; and successive Attorney-Gen-
erals have construed this provision of the Constitution to mean
that such lands, belonging to the State, must be forever pre-
served as wild and forest lands, and that they cannot be

cleaned up, and burned or decayed timber cannot be taken therefrom. This is, in all probability, the construction of the constitutional provision which is in accord with its true meaning, and we believe it will be upheld by the courts. But there are wild and forest lands which do not belong to the State. The fact that it is the intent of the State always to preserve these as wild and forest lands does not add to or detract anything from its original character at the time the State took hold of it. It is not wild, forest lands because the State has dedicated it as such. The question is whether or not, upon the particular day in question, a piece of land is wild and forest land. The intent of the purchaser may be to immediately clear and cultivate it. Still, at the time he purchased, it may be wild and forest land.

There is nothing in the will of the testator indicating his intent ever to have held these lands as cultivated or improved lands, or as a park, nor does he in his will intimate an intent to preserve it as such. Nor is there anything in the evidence tending to show whether or not the owner of the half interest, which did not belong to the deceased, has joined in any intent to preserve these lands as a park or resort or a preserve for fishing and hunting. The question is, whether or not, at the time of which the will speaks, these lands were wild and forest lands. It seems to us plainly that they were.

It further appears in the evidence that, in the proceedings for the assessment of the transfer tax, to which proceedings all of the parties to this action were parties, the lands in question were found to be and were assessed as wild and forest lands, and a tax was fixed in that proceeding against the undivided one-sixth of the plaintiff in said land.

The opinion in the case of People ex rel. Moynehan v. Gaus is urged as having a very important bearing upon this question.* The question there was, whether or not the lands, which had been sold for taxes, were occupied, so that notice to redeem must be served upon the occupant under the Tax Law. The court held that, although the tract was large, the fact that the tenants of the owner made their homes upon the premises

---

* Reported, 134 App. Div. 80.

during the entire year, taken in connection with other facts in the case, constituted an occupation of the entire tract by that owner. This is very far from holding that, because an acre and a half of an 854-acre piece may be considered as cleared, cultivated land, therefore the balance of the 854 acres, occupied by uncultivated forests, partakes of the character of that acre and a half and must be considered as improved or cultivated land. We do not think the decision has any direct bearing upon the question at issue here. These lands, except the acre and a half in the immediate neighborhood of the buildings and on the shore of Moose lake, are uncultivated, uninclosed and devoted to the natural growths of the soil, without direction or improvement by the hand of man. They are generally in an absolute state of nature.

The question presented by defendant Foulds, as executrix, but not by the other defendants, is, whether or not the complaint states a cause of action. The executrix ought not to be permitted, after the letter in which she joined, to take this objection; she should be estopped by the inducement she offered plaintiff to bring the action. If the complaint is dismissed as to the executrix and not as to the other defendants, under the circumstances of this case, the two executors, not joined by the executrix, cannot convey the interest owned by the plaintiff; therefore, the decision must be without avail, unless it is binding upon the executrix. The will directs the executors to convey his interest in these wild and forest lands to the plaintiff and two others. The executor and executrix refused to accept the responsibility of determining whether or not these lands were wild and forest lands, and said they would join in any proceeding to determine the question. Before it can be known whether or not the plaintiff owns an interest in the lands in question, the court must determine whether or not they are wild and forest lands, in this action or in some other proper action. The brief of the defendant executrix does not suggest the kind of action at law which is available to the plaintiff for a determination of his rights. None of the answers has taken the defense that the plaintiff has an adequate remedy at law; and it does not appear to the court that the facts exist showing there is any adequate

Supreme Court, January, 1910.     [Vol. 66.

remedy at law. It does not appear what advantage the defendant executrix expects to gain by taking this defense. Under the circumstances of the case, the action having been brought upon her invitation, an equity court, if it dismissed the complaint upon her motion, would not award costs.·

If the lands are " wild and forest lands," then the title to the interest claimed by plaintiff is in him; but the executors, two of whom are the residuary legatees, refuse to convey, not because the title is already in plaintiff, but because they will not assume the responsibility of determining the character of the land. They say, in effect, we will not convey because we doubt and so dispute your title. It is not a vain thing to determine the question at issue. The complaint does state a, or some, cause of action. The motion to dismiss is not upon the ground that " the court has not jurisdiction of the subject of the action." This is one of the grounds of demurrer which may be taken by answer, if the defect does not appear on the face of the complaint. If not taken by demurrer or answer, it may be taken on motion. But the question of the jurisdiction of the court is not raised by a motion to dismiss because the complaint fails to state a cause of action. The two grounds are separate grounds for demurrer, for answer and for motion. Code Civ. Pro., §§ 488, 498, 499. If this be considered a very technical ruling, it is justified by the facts in the case.

I have concluded that the motion should be denied; and that findings should be made and a judgment entered, determining that the lands in question are wild and forest lands; that, under the fifth paragraph of the will, the executors were directed to convey an undivided one-sixth interest therein to the plaintiff; that the plaintiff is the owner of such undivided one-sixth interest, and that the executors, in accordance with the direction in the will, execute and deliver to him a conveyance of such undivided one-sixth interest.

Judgment accordingly.